## MARY HALL V. THE STATE.

No. 23105. Delivered April 18, 1945.
On Motion to Reinstate Appeal May 23, 1945.
Rehearing Denied June 20, 1945.

The opinion states the case.

*M. E. Gates,* of Huntsville, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

DAVIDSON, Judge.

The record fails to reflect that sentence has been passed upon appellant.

Without a sentence, this court does not have jurisdiction.

The appeal is dismissed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION TO REINSTATE APPEAL.

DAVIDSON, Judge.

A copy of the sentence duly certified having been supplied, the appeal is reinstated.

This is a case of burglary, with two years' confinement in the State penitentiary.

No statement of facts or bills of exception accompany the record. Nothing is presented for review.

The judgment is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

GRAVES, Judge.

This cause has been heretofore dismissed because of the fact that no sentence appeared in the record. Later, this defect being remedied, this court reinstated the cause and affirmed the same, there being no statement of facts nor bills of exceptions in the record.

Appellant now contends that the judgment of the court, as well as the sentence thereunder, was not rendered by the trial court at the term of the court in which the conviction was had. The record and the statute relative to the terms of the court in which Madison County is apportioned do not bear out such contention.

The statute, Art. 199, subdiv. 12, Vernon's Ann. Civ. Statutes, Pocket Part, relative to the time of holding district court in Madison County, provides that the Twelfth District Court shall be held:

"In the County of Madison on the first Mondays in May and December.

"Each term of Court in each of such Counties may continue until the date herein fixed for the beginning of the next succeeding term therein."

It is evident from an examination of the calendar for 1944 that the first Monday in December 1944 was the 4th day thereof.

The orders complained of herein were dated December 2, 1944, evidently such date being the last Saturday of the May term, and not being the December term of such court.

Under these facts, we think the orders were properly entered at the term of the court wherein appellant was tried, and the motion is therefore overruled.